Filed 7/25/16  P. v. Luna CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C081069 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F01091) |
| v. | |
| JULIO LUNA, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## I.  BACKGROUND

A felony complaint filed in February 2015 charged defendant Julio Luna with attempted second degree robbery (count 1; Pen. Code, §§ 664/211);[1] attempted vehicular escape from a pursuing peace officer's distinctively marked motor vehicle, which was displaying at least one red lamp and sounding its horn as was reasonably necessary

---

[1] Undesignated statutory references are to the Penal Code.

1

(count 2; Veh. Code, § 2800.2, subd. (a)); and unlawful use of personal identifying information (count 3; § 530.5, subd. (a)). Codefendant Sylvia Lorraine Soltero was also charged in counts 1 and 3.

On April 30, 2015, the complaint was amended to charge count 1 as threatening the victim with a deadly weapon, a misdemeanor. (§ 417, subd. (a)(1).) The other counts remained the same. The amended complaint also alleged a prior strike.

After a preliminary hearing on the same date, the trial court held defendant to answer on all counts and deemed the amended complaint an information.

On June 26, 2015, defendant sought to make a *Marsden* motion.[2] On July 8, 2015, the *Marsden* motion was dropped, and defendant moved for a *Faretta* waiver.[3] Trial, which had also been scheduled for July 8, was continued due to the unavailability of defendant's trial attorney. On July 10, 2015, Judge Allen Sumner heard and denied defendant's *Faretta* motion for two reasons: (1) it was untimely because trial had been originally set for July 8, 2015, and defendant claimed he would need four months to prepare; and (2) it appeared that defendant was making the motion out of frustration with appointed counsel, not because he truly wanted to represent himself. The trial date was rescheduled for July 27, 2015.

On July 17, 2015, the court heard defendant's renewed *Marsden* motion. Judge Michael Bowman held an extensive hearing on the motion and denied it. Defendant thereafter made an oral *Faretta* request. After defendant's counsel explained the basis of Judge Sumner's ruling on defendant's prior *Faretta* motion, Judge Bowman denied this one.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[3] *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562] (*Faretta*).

On July 27, 2015, defendant again sought a *Faretta* waiver and a new public defender was assigned to defendant's case. On July 31, 2015, the scheduled *Faretta* hearing was apparently dropped from calendar at the request of appointed counsel.

On September 14, 2015, the case was assigned to trial before Judge Delbert Oros, and defendant made a new *Faretta* request. Judge Oros scheduled a hearing on the *Faretta* motion for the next day.

On September 15, 2015, Judge Oros heard defendant's *Faretta* motion. After an extensive hearing, Judge Oros denied the motion, finding that it was untimely because defendant had failed to raise it within the last six weeks, instead waiting to renew it until the start of trial, and because the motion appeared to be made for purposes of delay. After the motion was denied, defendant threatened to kill himself.

On September 16, 2015, the parties notified Judge Oros that they were about to resolve the case. Judge Oros advised the parties that they needed to settle the issue of victim restitution, and that jury selection would begin the following week if the case did not resolve. The parties stipulated to a substantial start of the case.

On September 17, 2015, the People filed an amended information. The former count 3 (felony identity theft) was renumbered count 1, and the former count 1 (unlawfully drawing and exhibiting a deadly weapon) was renumbered count 3. Count 2 remained the same. Four counts of felony identity theft (counts 7-10; § 530.5, subd. (a)) and four counts of misdemeanor identity theft (counts 4-6 & 11; § 530.5, subd. (c)(1)) were added. A prior strike and a prior prison term were alleged.

On the same date, defendant pleaded no contest to counts 1 and 2 and admitted the prior strike and prior prison term allegations, in return for a stipulated sentence of eight years four months. Counts 3 through 11 were to be dismissed with *Harvey* waivers.[4]

---

[4] *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

3

The factual basis for defendant's plea, as stipulated by the parties at the time of the plea, was as follows:

"As to both [defendant] and [codefendant], in Count 1, on or about February 19, 2015, in the County of Sacramento, again, in regards to the [] section 530.5[, subdivision ](a), [defendant] and [codefendant] had obtained Scott Chou's personal identifying information, and . . . it was . . . handwritten on the back of a check, not belonging to [codefendant] or [defendant] and not being made out or by the account of Scott Chou, but on the back of the check was Scott Chou's driver's license number, address, and other personal information. That was found in the vehicle that [defendant] and [codefendant] were in.

"In utilizing that information, [codefendant] and [defendant] went to the Kohl's department store in Folsom and used a temporary Kohl's credit card account number to purchase a number of Best Buy gift cards in the jewelry department of Kohl's.

"That credit card account was flagged by Kohl's in their internal system during the transaction, at which point, [codefendant] and [defendant] were informed of that particular issue, [defendant] presented a paper identification with Mr. Chou's name, but [defendant]'s photograph on that ID, at which point, an employee of Kohl's told them that the transaction was not going to be completed.

"[Codefendant] and [defendant] went to leave. The Kohl's store at that point—during that transaction, additionally, a[n] ID belonging to Datari Williams was seen in [defendant]'s wallet.

"Mr. Chou was asked if he knew [codefendant] or [defendant]. He does not and does not know how they had his information, did not give them authorization for that.

"[¶] . . . [¶]

"Count 2, on or about that same date, February 19th, in the County of Sacramento, the defendant . . . did commit a Vehicle Code violation of 2800.2[, subdivision ](a), in

4

that [defendant] did willfully drive a vehicle. [Codefendant] was in the car at the time leaving the Kohl's store in Folsom.

"At the time that he was willfully driving the vehicle, he did intend to evade the Folsom Police Department. The police department patrol vehicle at the time was operated by an Officer Simpson.

"Officer Simpson was in . . . a marked patrol vehicle. He was in a police uniform at the time. As he got behind the vehicle that [defendant] was driving, he did initiate at least one forward-facing red lamp, which was visible at the time during the pursuit. He also had sirens going throughout the pursuit as reasonably necessary.

"The pursuit lasted for about five and a half miles distance-wise. During the pursuant [*sic*], [defendant] did run at least three stoplights, a couple stop signs, and was speeding at the time. It took a PIT maneuver on behalf of Officer Simpson to bring the car to a stop over on the other side of the bridge in Folsom going towards Orangevale.

"[Defendant] did intend to evade the police at the time, and based on the Vehicle Code violations, did drive the vehicle in a manner exhibiting willful and wanton disregard for the safety of the public.

"Looking to [defendant]'s priors, [defendant] has suffered a . . . strike conviction, on March 15, 1993. That was for a violation of [] section 245[, subdivision ](a)(2), assault with a deadly weapon or firearm. That happened here in Sacramento County . . . . That conviction comes within [] section 1192.7[, subdivision ](c), which comes within section 667[, subdivisions ](b) through (i) . . . , and [] section 1170.12, a serious or violent felony.

"In addition, [defendant] also suffered a prior prison conviction on October 19, 2005, for the crime of possession of ammunition by a prohibited person, violation of section 12316[, subdivision ](b)(1). In that [defendant] was sentenced to a prison term and did not remain free of custody following that term for five years within . . . section 667.5[, subdivision ](b). That conviction also occurred in Sacramento County."

5

On November 6, 2015, the trial court imposed the stipulated state prison sentence, consisting of the three-year upper term on count 1, plus eight months (one-third the midterm) on count 2, with both terms doubled for the strike, plus one year consecutive for the prior prison term. The court awarded 521 days of presentence custody credit (261 actual days and 260 conduct days). The court imposed a $600 restitution fine (§ 1202.4, subd. (b)), a matching suspended parole revocation restitution fine (§ 1202.45), an $80 court operations assessment (§ 1465.8), and a $60 criminal conviction assessment (Gov. Code, § 70373). The court also ordered victim restitution to Kohl's Department Store in an amount to be determined.

Defendant filed a notice of appeal in propria persona. He did not obtain a certificate of probable cause.

## II. DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed supplemental briefing that attacks the orders denying his *Marsden* and *Faretta* motions, and requests leave to withdraw his plea on the ground that he entered it due to his counsel's misrepresentations and coercion. These contentions cannot be addressed on appeal.

A defendant appealing from a judgment of conviction upon a plea of no contest must obtain a certificate of probable cause from the trial court (Cal. Rules of Court, rule 8.304(b)(1)), unless the appeal is based on the denial of a suppression motion (*id.* at (b)(4)(A)) or on "[g]rounds that arose after entry of the plea and do not affect the plea's validity" (*id*. at (b)(4)(B)). (See § 1237.5, subd. (b); *People v. Cuevas* (2008) 44 Cal.4th

6

374, 383-384.)  We must apply these rules strictly.  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098.)

Defendant's contentions challenge matters that arose before the plea and the validity of the plea itself.  Thus, his failure to obtain a certificate of probable cause precludes review of these contentions.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### III.  DISPOSITION

The judgment is affirmed.


/S/

_____

RENNER, J.


We concur:


/S/

_____

DUARTE, Acting P. J.


/S/

_____

HOCH, J.